Filed 3/13/25  P. v. Jefferson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY D. JEFFERSON,<br><br>Defendant and Appellant. | B336478<br><br>(Los Angeles County<br>Super. Ct. No. BA042241) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke, II, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1994, Anthony D. Jefferson was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a) [count 1]) under a felony murder theory of liability. The jury found true the special circumstance that the murder was committed during the commission of a robbery pursuant to section 190.2, subdivision (a)(17). Jefferson was additionally convicted of two counts of kidnapping (§ 209; [counts 2 & 3]), two counts of burglary (§ 459; [counts 4 & 5]), one count of residential robbery (§ 211; [count 7]), and three counts of rape (§§ 261, subd. (a)(2), 264.1, 289; [counts 8–10]). He was sentenced to life in state prison without the possibility of parole, plus nine years.

In 2019, Jefferson petitioned for resentencing under former section 1170.95 (now § 1172.6). The trial court summarily denied the petition on the basis that section 1170.95 and Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) violated the California Constitution. Jefferson appealed.

On appeal, the People agreed with Jefferson that section 1170.95 and Senate Bill No. 1437 were not unconstitutional, but argued that we should affirm the trial court's ruling because the jury found true the special circumstance that the murder was committed during the commission of a robbery (§ 190.2 (a)(17)), and, in so doing, the jury determined that Jefferson was a major participant in the underlying felony who acted with reckless indifference to human life.

We reversed and remanded the matter to the trial court because we concluded that the jury's special circumstance finding was made prior to issuance of our Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016)

---

[1] All further statutory references are to the Penal Code.

2

63 Cal.4th 522, which construed the meanings of "major participant" and "reckless indifference to human life" in a significantly different, and narrower manner than courts had previously.

On remand, the trial court appointed counsel and held an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). The court denied Jefferson's petition, finding that the prosecution had proved beyond a reasonable doubt that Jefferson was a major participant in the underlying felony who acted with reckless indifference to human life.

Jefferson appealed, and this court appointed counsel to represent him. After examining the record, Jefferson's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel also requested that we conduct an independent review of the record. We invited Jefferson to submit a supplemental brief, which he did.

We decline to conduct an independent review of the record as counsel requested, and we limit our consideration to the specific issues Jefferson raises in his letter response filed in this court. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

Jefferson submitted a five-page handwritten brief. Jefferson's arguments focus on alleged errors at his 1994 trial

3

and the invalidity of the natural and probable consequences doctrine as a theory of murder liability.  Jefferson also asserts that he is not a threat to society—he was young when he committed the crimes but is now over 50 years old and is disabled by medical issues.  Finally, in supplemental briefing, Jefferson argues that he is entitled to relief under the Racial Justice Act. (§ 745.)

None of these arguments are relevant to Jefferson's section 1172.6 petition.  Section 1172.6 provides no relief for trial error. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)  Although Jefferson is correct that the natural and probable consequences doctrine is no longer a valid theory of murder, he was not prosecuted under that theory.  Jefferson was prosecuted under a felony murder theory of liability at his 1994 trial; moreover, at his hearing pursuant to section 1172.6, subdivision (d)(3), the trial court found beyond a reasonable doubt that Jefferson could still be convicted under a felony murder theory because he was a major participant who acted with reckless indifference to human life.  Jefferson's claim that he is not a danger to the public also fails, as section 1172.6 relief is not predicated on a finding that the defendant would no longer pose a threat to society.  Finally, section 1172.6 is not the proper vehicle for a Racial Justice Act claim.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 1000 [petitioner in custody must bring Racial Justice Act claim in a petition for habeas corpus].)

Accordingly, Jefferson's arguments provide no basis for reversal.

## DISPOSITION

The trial court's order denying Jefferson's Penal Code section 1172.6 petition is affirmed.
NOT TO BE PUBLISHED.


MOOR, J.


We concur:



BAKER, Acting P. J.



KIM, J.

5